Curia, per Butler, J.
Whether the defendant, Richardson, would have consented that the plaintiff should put his cotton on board of his boat if he had been present, is a matter of conjecture. It is certain his agent, believing in his authority to do so, did take the cotton. The patroon who was in charge of the boat, represented himself as competent to lake in freight, and had not the plaintiff every reason to believe that the agent was acting within the scope of his authority ? The boat had on board Goodwin’s and Dallas’ cotton, for which the owner charged them freight. The plaintiff might well have concluded that his cotton would be car *218 ried on the same terms, particularly as defendant had never made any discrimination among his neighbors, but indifferently took their cotton when he wanted freight for his boat. So far as the community were concerned, the patroon (Howzer) occupied the position of any other master of a boat, and might be regarded as the agent of the defendant to take in and sign bills of lading for. freight. If the defendant had previously employed his boat for his own purposes exclusively, it could not have been fairly inferred that the agent could do what his employer never had done — .but his employer had used his boat in some measure for the copimunity in which he lived, and from his course of dealing with it,'had held himself out as a common carrier. He had not iniact imposed any restrictions on the patroons authority to take in freight, and was clearly entitled to charge for all that was taken. If he had' chosen to make himself liable alone for such'contracts as he himself should make, he should have given some public notice — otherwise how natural was it that others might be deceived — more particularly as his agents b.efore this, according to the testimony of Foyle, were in the habit pf taking in freight for him in his absence. His liability arising from the general implication of law, was, that he would be answerable for the acts of his agent, acting within the ordinary scope of such agent’s usual authority, unless it were specifically limited and restricted. The authority of an agent results from the position in which he is voluntarily placed by his employer; one should not put an agent in any public employment if he is not willing to be liable for his acts, bona fide done in such employment: the right of a master to take in freight, arises from his custody of a boat, which is in the habit of carrying for the community.
Frost, for the motion.
Magrath, contra.
The verdict in this case must stand. Motion refused.
Gantt, Rtchakdson, O’Neall, and Evans, Justices, concurred. Earle, J., dubitante.